UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HEATHER COLLINS and TYRONE COLLINS,<br><br>                Plaintiffs,<br><br>        vs.<br><br>ALLSTATE INDEMNITY COMPANY, and DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No:  C 09-4110 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 7 and 14 |

Plaintiffs, Heather and Tyrone Collins (collectively "Plaintiffs"), bring the instant "bad faith" and breach of contract action against their insurer Allstate Indemnity Company ("Allstate").  Their claims arise from Allstate's allegedly wrongful disclosure of Plaintiffs' policy limits to the arbitrator handling an underlying uninsured motorist arbitration.  The parties are presently before the Court on (1) Allstate's Motion to Dismiss for Failure to State a Claim (Docket 7) and (2) Allstate's Special Motion to Strike Plaintiff's Complaint [Cal.Civ.Proc. § 425.16] (Docket 14).  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the motion to strike as moot.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On December 20, 2001, Allstate issued an automobile insurance policy to Plaintiffs. Compl. at 6. The policy included uninsured motorist coverage in the amount of $100,000 per person. Id. Ex. A. Though not entirely clear, it appears that Plaintiffs filed a claim with Allstate, pursuant to their uninsured motorist coverage, which subsequently was submitted to arbitration. Pls.' Opp'n at 1. Prior to the commencement of the arbitration, Plaintiffs filed a motion in limine to exclude evidence of their uninsured motorist policy limits until after the arbitrator issued his award. Id. Though acknowledging that the arbitrator could *not* render an award beyond those limits, Plaintiffs believed that the arbitrator's awareness of their policy limits might affect his decision. Id. at 4; Compl. at 4.

Before the arbitrator ruled on the motion in limine, Allstate allegedly disclosed the policy limits to him. Compl. at 4. Plaintiffs allege that such disclosure was made in "bad faith" for the purpose of influencing the arbitrator to limit the damage award to an amount below their $100,000 policy limits. Id. However, the arbitration did not proceed, and hence, no award was issued. Pls.' Opp'n at 4. Nonetheless, Plaintiffs speculate that had the arbitration gone forward, the arbitrator would have rendered an award below their policy limits. Id. Plaintiffs also allege that as a result of its conduct, Allstate has "waived any right to arbitrate the uninsured motorist case." Compl. at 7.

### B. PROCEDURAL HISTORY

On August 5, 2009, Plaintiffs filed a Complaint in San Francisco County Superior Court against Allstate, alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing and declaratory relief. Plaintiffs seek compensatory and punitive damages based on Allstate's allegedly improper disclosure to the arbitrator. On September 4, 2009, Allstate removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Shortly thereafter, Allstate filed a Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In their motion, Allstate argues that Plaintiffs have failed to allege the necessary elements for breach of contract

- 2 -

or breach of the implied covenant of good faith and fair dealing, and that their alleged conduct is otherwise subject to the litigation privilege codified in California Civil Code section 47(b). Separately, Allstate filed a motion to strike, pursuant to California Code of Civil Procedure section 425.16, which is predicated on the argument that the conduct at issue constitutes "protected activity" for which it cannot be held liable. Plaintiffs filed an untimely combined opposition to the motions on December 25, 2009. Allstate timely filed its reply on December 29, 2009.[1]

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleadings must "give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). A complaint that only raises "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plaintiff must show that the allegations are pushed "across the line from conceivable to plausible[.]" Id. (quoting Twombly, 550 U.S. at 557).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The allegations of

---

[1] Allstate objects to the Court's consideration of Plaintiffs' opposition, which was filed three days late on December 25, 2009, in violation of Civil Local Rule 7-3(b). The Court's Standing Orders specify that the failure to timely file a response to a motion may be construed as a consent to the granting of said motion. Given Plaintiffs' failure to request and obtain leave of Court to file their opposition beyond the date prescribed by the Local Rules, the Court finds that Allstate's objection is well taken. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam). Nonetheless, as will be set forth below, even considering the arguments presented in Plaintiffs' opposition, the Court finds that Allstate's motion to dismiss should be granted on the merits.

the complaint "are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A. BREACH OF CONTRACT

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal.App.3d 1371, 1388 (1990). Here, the Complaint alleges simply that Allstate "breached the terms of the attached contract[.]" Compl. at 6.[2] However, Plaintiffs fail to allege which provision of the insurance policy Allstate is alleged to have breached. The absence of such allegations fails to comport with Twombly, which requires that the complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." 550 U.S. at 555.

To the extent that Plaintiffs are claiming that Allstate was contractually prohibited from disclosing the amount of their policy limits, such a claim fails as a matter of law, as no such proscription exists in the policy. See Frances T. v. Vill. Green Owners Ass'n, 42 Cal.3d 490, 512-13 (1986) (breach of contract claim failed where no provision of the alleged contract imposed an obligation on the defendant). The Court has reviewed the copy of the policy

---

[2] A copy of what Plaintiffs purport to be the insurance policy at issue is attached to the Complaint. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). Allstate claims that the attachment is not the complete policy, but is merely the declaration renewal pages of the policy. Def.'s Mot. at 6 n.2. Since the Court is adjudicating a Rule 12(b)(6) motion, however, the Court will accept the representation that the attachment represents the insurance policy that Allstate allegedly breached.

attached to the Complaint and found no provision that precludes Allstate from disclosing the amount of Plaintiffs' policy limits to an arbitrator in an uninsured motorist arbitration (or any other proceeding).  If anything, the policy confirms that such disclosure was permissible, since the policy limits provide the maximum amount that an arbitrator may award.  See Compl. Ex. A at 7 ("[i]f arbitration is used, any arbitration award will be binding *up to your policy limits*. . .") (emphasis added).  Tellingly, Plaintiffs concede as much in their Complaint.  Id. Ex. A at 4 ("Plaintiffs never disputed that the arbitrator was precluded from issuing a final award in excess of policy limits.").

Plaintiffs' breach of contract claim also fails because the allegations of the Complaint fail to demonstrate that Plaintiffs suffered any damages as a result of Allstate's conduct. Under California law, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." Cal.Civ.Code § 3301.  In the instant case, Plaintiffs contend that Allstate disclosed the policy limits in order to "influence" the arbitrator's decision with respect to the amount of damages to award.   Compl. at 4.  Yet, there are no allegations that such disclosure, in fact, had any negative impact on the arbitrator's decision.  Indeed, it is inconceivable how Allstate's disclosure could have harmed Plaintiffs, given their acknowledgement that the arbitrator could not award an amount above the policy limits.  Cothron v. Interins. Exch., 103 Cal.App.3d 853, 860 (1980) ("An arbitrator in an uninsured motorist proceeding may not award an amount in excess of the policy limits.").

Moreover, it is readily apparent that Plaintiffs cannot allege damages with the requisite certainty.  See Piscetelli v. Friedenberg, 87 Cal.App.4th 953, 989 (2001) (recognizing that damages that are remote or speculative cannot serve as a basis for recovery).  In their opposition, Plaintiffs assert that Allstate disclosed the limits of Plaintiffs' policy "before the arbitration commenced" in an effort to obtain an award below the $100,000 policy limits.  Pls.' Opp'n at 1-2.  While acknowledging that the arbitration never went forward, Plaintiffs speculate that had they proceeded, they would have prevailed and that the award would have been below $100,000.  Id. at 5.  In that event, Plaintiffs posit that they would have had to spend time and resources in seeking to have the arbitration award set aside.  Id.  These logical

1 deductions underscore the speculative nature of Plaintiff's damages.  Plaintiffs impermissibly
2 assume that they would have obtained an award in the first instance, that such award would
3 have been below their policy limits, and that the amount of the award would have been
4 attributable to Allstate's disclosure.   Since the arbitration did not proceed, however, Plaintiffs
5 cannot show, with the requisite certainty, that Allstate's disclosure harmed them.

**B.     BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

It has long been the rule in California that every insurance policy contains an implied covenant of good faith and fair dealing that neither party will do anything to injure the other party's right to receive the benefits of the agreement.  Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 658 (1958).  "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation."  Racine & Laramie, Ltd. v. Dep. of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1993).  The covenant "is read into contracts in order to protect the express [terms] or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose."  Foley v. Interactive Data Corp., 7 Cal.3d 654, 690 (1988).  As discussed, Plaintiffs have failed to identify (and the Court has been unable to locate) any provision of the insurance policy that Allstate purportedly breached by disclosing their policy limits to the arbitrator.  Likewise, Plaintiffs have not alleged nor can they show any damages resulting from such disclosure.  See PPG Indus., Inc. v. Transam. Ins. Co., 20 Cal.4th 310, 318 (1999) (bad faith claim requires showing of damages).  Thus, Plaintiffs' bad faith cause of action must fail as well.

Independently, Plaintiffs' bad faith claim fails to state a claim because it is predicated on conduct that is subject to the litigation privilege set forth in California Civil Code section 47(b). Under California law, a communication made in a "judicial proceeding" is "privileged." Cal. Civ.Code § 47(b). "'The usual formulation is that the privilege applies to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'"  Rodriguez v. Panayiotou, 314 F.3d 979, 998 (9th Cir. 2002) (quoting Silberg v. Anderson, 50 Cal.3d 205, 212 (1990)).  The litigation

privilege applies in private contractual arbitration, Moore v. Conliffe, 7 Cal.4th 634, 643-644 (1994) as well as in judicial arbitration, Jeffrey H. v. Imai, Tadlock & Keeney, 85 Cal.App.4th 345, 355-356 (2001).

Plaintiffs do not dispute Allstate's contention that each of the aforementioned elements is satisfied in this case, but instead contend that the litigation privilege does not immunize the "bad faith" conduct by a party or its counsel.  However, a party's motivation is not germane in a section 47(b) analysis. "The litigation privilege is absolute, which means it applies regardless of the existence of malice or intent to harm." Wise v. Thrifty Payless, Inc., 83 Cal.App.4th 1296, 1302 (2000); Wilton v. Mountain Wood Homeowners Ass'n, 18 Cal.App.4th 565, 571 (1993).  Accepting as true Plaintiffs' allegation that Allstate improperly disclosed their uninsured motorist policy limits in an attempt to "influence" the arbitrator's award, the Court finds that such conduct is within the scope of the litigation privilege.

The sole authority cited by Plaintiffs' in support of their challenge to the application of the litigation privilege in this case is Komavara v. National Credit Acceptance, Inc., 175 Cal.App.4th 324 (2009), which has no application here.  In Komavara, a debt collection agency persisted in attempting to collect on a consumer debt, even after having been made aware that the plaintiff was not the debtor.  Plaintiff sued the collection agency under California's Robbins-Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), Cal.Civ.Code § 1788, et seq., which proscribes the types of practices at issue in that case.  On appeal, the appellate court rejected the collection agency's contention that its conduct was shielded by the litigation privilege. Id. at 337.  In reaching its decision, the court explained that application of the litigation privilege would "effectively immunize" the collection agency from liability for the specific conduct that the Rosenthal Act was intended to prohibit, thus rendering the statute "significantly or wholly inoperable." Id. at 338-340.

Unlike Komavara, there is no statutory scheme that is implicated by Allstate's alleged conduct.  The premise of this action is Plaintiff's contract and Allstate's disclosure of Plaintiffs' uninsured motorist policy limits to the arbitrator.  However, the Court has been presented with no statutory, contractual or other authority which establishes that Allstate did so

improperly.  To the contrary, the policy endorsement provides that "[i]f arbitration is used, any arbitration award will be binding *up to your policy limits* . . . ."  Compl. Ex. A at 7 (emphasis added).  As such, it is evident that the amount of Plaintiffs' policy limits is an integral part of the arbitration, since, as Plaintiffs concede, the arbitrator's award was subject to those limits.  Because application of the litigation privilege to the circumstances presented does not render any statutory, contractual or other protections "inoperable," the Court is unpersuaded by Plaintiffs' contention that an exception to the privilege should be applied in this instance.

Finally, Plaintiffs contend that Section 47(b) is inapplicable on the ground that a claim for bad faith sounds in contract, not tort.  See Pls.' Opp'n at 3-4.  While that rule might hold true in the non-insurance context, it does not apply, where, as here, the bad faith claim is based on an insurance policy.  See Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 574-75 (1973) (insurance bad faith claims sounds in tort).  In addition, Plaintiffs' contention that their claim is contractual in nature is undermined by the allegations of the Complaint, which aver that Allstate's conduct was "tortuous."  Compl. at 2.[3]

### C.   LEAVE TO AMEND

Finally, Plaintiffs request leave to amend in the event the Court is inclined to grant Allstate's motion to dismiss.  Ordinarily, leave to amend should be granted unless further amendment would be futile.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); Gompper, 298 F.3d at 898.  In this case, the deficiencies in the pleadings cannot be cured.  As discussed, the policy does not proscribe disclosure of the insured's policy limits in connection with a uninsured motorist arbitration.  To the contrary, the policy limits are directly relevant to such a proceeding because it sets a cap on the amount of damages that the arbitrator may award.  In addition, even if Allstate's disclosure were improper, Plaintiffs cannot allege any damages with the requisite certainty because the arbitration never materialized.  Plaintiffs' contention that the arbitrator would have rendered an award in their favor is speculative; as is their assertion that such an award would have been below their policy limits; as is the

---

[3] Plaintiffs' claim for declaratory relief is predicated on their contract and bad faith claims. Because the underlying claims fail as a matter of law, the declaratory relief claim fails as well.

deduction that the amount that would have been awarded would have been attributable to Allstate's disclosure.  Additionally, Plaintiffs cannot seek to impose any tort liability on Allstate because its conduct is privileged under Civil Code section 47(b).  Because the deficiencies in Plaintiffs' Complaint cannot be cured by amendment, the Court dismisses the action without leave to amend.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Allstate's Motion to Dismiss for Failure to State a Claim (Docket 7) is GRANTED, and Allstate's Special Motion to Strike Plaintiff's Complaint (Docket 14) is DENIED as moot.

IT IS SO ORDERED.

Dated: January 11, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge